UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SAWGRASS MUTUAL INSURANCE COMPANY, a Florida corporation,**

    **Plaintiff,**

vs.                                              Case No. 4:16cv449-MW/CAS

**ENDURANCE SPECIALTY INSURANCE LTD., a Bermuda Company,**

    **Defendant.**
_____/

## PLAINTIFF'S MOTION TO DETERMINE AMOUNT OF ATTORNEY'S FEES

Pursuant to Local Rules 7.1 and 54.1, and this Court's Order dated April 18, 2017 (D.E. 41), Plaintiff, Sawgrass Mutual Insurance Company ("Sawgrass" or "Plaintiff"), hereby moves this Honorable Court to set the amount of attorneys' fees incurred as a result of removal of this action by Defendant Endurance Specialty Insurance Ltd. ("Defendant" or "Endurance").  In support, Plaintiff states:

1.     On June 30, 2016, Plaintiff commenced the instant suit with the filing of a complaint for declaratory and injunctive relief (the "Complaint") in the circuit court of the Second Judicial Circuit, in and for Leon County, Florida ("State Court"), Case No. 2016 CA 001477.  (D.E. 1 Ex. A.)

2.     On July 19, 2016, Defendant removed this action from the State Court to the United States District Court for the Northern District of Florida, by filing the Notice of Removal (the "Notice").  (D.E. 1.)

3.     Because Defendant failed to satisfy its burden establishing that the amount in controversy exceeds $75,000, Plaintiff moved to remand this matter to the State Court on July 22, 2016.  (D.E. 4.)

4.     On March 14, 2017, this Court granted Plaintiff's Motion to Remand (the "Order").  (D.E. 36.)

5.     Thereafter, Plaintiff filed an Amended Motion for Award of Attorney's Fees pursuant to 28 U.S.C. § 1447(c) (the "Motion").  (D.E. 38).  Defendant filed its Response in Opposition to the Motion on April 7, 2017.  (D.E. 40).

6.     On April 18, 2017, this Court granted Plaintiff's Motion, finding that Defendant did not demonstrate an objectively reasonable basis for removal.  (D.E. 41.)

7.     Plaintiff now moves this Court for an Order determining the amount of attorney's fees and costs incurred as a result of the removal of this case from state court.  Specifically, Plaintiff seeks $9,773.00 based on a total of 29.2 hours of work, as evidenced by the attached time records.  *See* Exhibits A & B.

8.     Pursuant to Local Rule 54.1(E), Plaintiff also submits: (1) the Declaration of Mr. David Yon (Exhibit C); (2) the Declaration of Mr. Christopher Lunny (Exhibit D); and (3) the Declaration of Mrs. Laura Dennis (Exhibit E).

## MEMORANDUM OF LAW

In the Eleventh Circuit, the "starting point for calculating attorneys' fees is to multiply the number of hours reasonably expended by a reasonable rate to determine the 'lodestar' amount, which has a strong presumption to be the reasonable sum." *Bujanowski v. Kocontes,* 359 Fed. App'x 112, 114 (11th Cir. 2009) (citing *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008)).  A "reasonable rate" is considered to be the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation."  *Id.* (citation and quotation omitted).  A court may consider the following factors when considering what constitutes a reasonable hourly rate:

> (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.,* 380 Fed. App'x 888, 890 (11th Cir. 2010) (quoting *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

With respect to reasonable hours, those hours that are "excessive, redundant, or otherwise unnecessary, should not be included." *Bujanowski,* 359 Fed. App'x at 114 (citation and quotation omitted). If the amount of hours is unreasonably high, the court may either: (1) perform an hour-by-hour analysis to make a more precise determination; or (2) perform an across the board cut after determining the reasonable sum. *Id.* (citation omitted). However, any reductions to the requested amount of hours must be "concisely and clearly explained." *Bivins,* 380 Fed. App'x at 891 (citation omitted).

Plaintiff is requesting a total award of fees and costs in the amount of $9,773.00. As established in the attached time records and declarations (Exhibits A-E), this total is the result of the following: 12 hours of work performed by Mr. David Yon in 2016 and 2017 at a rate of $425 an hour; 0.4 hours of work performed by Mr. Christopher Lunny in 2017 at a rate of $425 an hour; 7.8 hours of work performed by Ms. Laura Dennis in 2016 at a rate of $260 an hour; and 9 hours of work performed by Ms. Laura Dennis in 2017 at a rate of $275 an hour. Plaintiff asserts that the hourly rates and hours expended in relation to the removal and subsequent remand of this matter is reasonable.

Lead Counsel for Plaintiff, Mr. Yon, has been practicing law for over thirty years, with specific focus in the areas of insurance, administrative, regulatory, and business law. Mr. Lunny has been practicing law for over twenty years. Mr. Lunny's practice focuses on general commercial litigation in both state and federal courts. Additionally, Mrs. Dennis has been admitted to the Florida Bar since 2011, and has been practicing with Mr. Yon and Mr. Lunny beginning in 2013. Mrs. Dennis' practice areas include insurance regulation and commercial litigation. As stated in the attached declaration, the hourly rates charged by Plaintiff's counsel is reasonable and in line with rates charged for similar work performed in Tallahassee by attorneys with similar experience. *See* Exhibit F.

Plaintiff seeks an award of fees for a total of 29.2 hours worked. As set forth in the attached time sheets and declarations, this includes time spent reviewing Endurance's Notice of Removal, researching law applicable to removal and remand, drafting and revising the Motion to Remand, reviewing Endurance's opposition to the Motion to Remand, reviewing related Court orders, researching law applicable to Motion for Attorney's Fees, drafting and revising Motion for Attorney's Fees, and correspondence with client regarding removal, remand, and motion for fees. This time is not excessive or redundant, but is reasonable for the work performed. *See* Exhibit F.

Plaintiff is entitled to recover attorney's fees related to its Motion for Attorney's Fees. The Eleventh Circuit has recognized that "attorney's fees incurred for litigating the issue of *entitlement* of attorney's fees are recoverable." *McMahan v. Toto,* 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *State Farm Fire & Cas. Co. v. Palma,* 629 So. 2d 830, 833 (Fla. 1993)). Courts within the Eleventh Circuit have awarded "fees for fees" under a variety of statutory frameworks. *See, e.g. Martin v. University of Alabama,* 911 F.2d 604, 610 (11th Cir. 1990) (finding that time expended on the attorney fee issue in the civil rights case was fully compensable); *CBS Broadcasting, Inc. v. Browning,* 20007 WL 2850527, at *11 (S.D. Fla. Sept. 21, 2007) (adopting the Magistrate Judge's Report and Recommendation that addressed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988 and awarded to Plaintiffs fees for the "reasonable amount of time [spent] preparing the . . . motion for attorney's fees"); *Professional LED Lighting, Ltd. v. Aadyn Technology, LLC,* 2015 WL 11570970, at *7-8 (S.D. Fla. Jul. 22, 2015) (addressing a request for fees and costs pursuant to 17 U.S.C. § 505 and concluded that the Aadyn parties were entitled to approximately $8,600 in "fees on fees").

Outside of the Eleventh Circuit, courts have awarded fees for time spent on motions for attorney's fees as a result of a successful motion to remand. *See, e.g., Albion Pacific Resources, LLC v. Seligman,* 329 F. Supp. 2d 1163 (N.D. Cal. 2004) (addressing fees as the result of a successful motion to remand and finding that a

request for 9.5 hours of time spent preparing the request for attorney's fees was reasonable); *Green Tree Servicing, LLC v. Shoemaker,* 2005 WL 1994068, at *2 (W.D. Wash. Aug. 17, 2005) (awarding fees for "time spent preparing this motion for attorney's fees and costs, since these fees and costs are related to the Motion to Remand."). Accordingly, in addition to the time spent related to the improper removal of this matter and Plaintiff's Motion to Remand, Plaintiff should also be entitled to fees incurred as a result of preparing the Motion for Attorney's Fees.

WHEREFORE, Plaintiff, Sawgrass Mutual Insurance Company, requests that this Court award $9,773.00 in fees as a result of the removal pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

/s/ David A. Yon
DAVID A.YON (Fla. Bar #315052)
E-mail: dyon@radeylaw.com
Secondary E-mail:
kellis@radeylaw.com
CHRISTOPHER B. LUNNY
(Fla. Bar #0008982)
E-mail:  clunny@radeylaw.com
Secondary E-mail:
cdemeo@radeylaw.com
LAURA M. DENNIS
(Fla. Bar #0091549)
E-mail: ldennis@radeylaw.com
Secondary E-mail:
cdemeo@radeylaw.com
The Radey Law Firm
301 South Bronough Street, Suite 200

Tallahassee, Florida  32301
Telephone:  (850) 425-6654
Facsimile:   (850) 425-6694

**COUNSEL FOR PLAINTIFF, SAWGRASS MUTUAL INSURANCE COMPANY**

### CERTIFICATE OF SATISFACTION OF LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(b), counsel for Plaintiff, Sawgrass Mutual Insurance Company, has communicated with Defendant's counsel, Mr. Jim McKee, regarding the contents and relief requested within this Motion.  However, at the time of this filing, Defendant's counsel has not informed Plaintiff's counsel as to Defendant's position on the contents and relief requested within the Motion.

/s/ David A. Yon
DAVID A. YON

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Plaintiff, Sawgrass Mutual Insurance Company, certifies that the foregoing document contains approximately 1,431 words, excluding signature blocks and the Certificate of Service.

/s/ David A. Yon
DAVID A. YON

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by Email to Counsel for Defendants James A. McKee, Esquire, at jmckee@foley.com; and Rachel M. Blise, Esquire, at rblise@foley.com on this 18th day of May, 2017.

                                                    /s/ David A. Yon  
                                                  DAVID A. YON