## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SAWGRASS MUTUAL
INSURANCE COMPANY,**
a Florida corporation,

      **Plaintiff,**

vs.                             **Case No. 4:15-cv-449-MS/CAS**

**ENDURANCE SPECIALTY
INSURANCE LTD.,**
a Bermuda company,

      **Defendant.**

_____/

### AFFIDAVIT OF REASONABLE ATTORNEYS' FEES

STATE OF FLORIDA
COUNTY OF LEON

      BEFORE ME, the undersigned authority, personally appeared Michael E. Riley, of the law firm of GrayRobinson, P.A., and, after being duly sworn, deposes and says as follows:

      1.    I am over 21 years of age and am competent to testify as to the matters stated herein.

      2.    Since 1989, I have been a member of The Florida Bar practicing in Tallahassee, Leon County, Florida. I am also admitted to practice law in the States of Georgia and Indiana. I am admitted to practice in all federal courts in Florida. I

EXHIBIT F

am admitted to practice in the Eleventh Circuit, Southern District of Indiana and Middle District of Georgia. I am Florida Bar certified in State and Federal Government and Administrative Practice. I have an AV® rating from Martindale-Hubbell.

3.     Before commencing the practice of law in Florida in 1989, I was employed by three national surety companies from 1981 to 1988. As an in-house attorney and claim adjuster at these companies I retained outside counsel and supervised their activities on behalf of my surety employer. In that role I received, reviewed, approved or declined, and paid hundreds of fee statements submitted by outside counsel.

4.     Since 2000, I have practiced with the law firm of GrayRobinson, P.A. I am currently a shareholder. My legal practice involves labor and employment law, construction litigation, commercial litigation and administrative law. Over the years of my practice, I have complied with various detailed billing guidelines required by insurers and other third party payers of legal services in scores of litigation and administrative cases.

5.     At the request of Mrs. Laura M. Dennis, of the Radey Law Firm, I have reviewed documents and a billing summary prepared by the Radey Law Firm, attorneys for Plaintiff Sawgrass Mutual Insurance Company ("Plaintiff") in connection with the above styled action specifically related to the Order of this

EXHIBIT F                              2

Court in granting Plaintiff's Motion for Remand. I reviewed the following documents:

a.     Complaint for Declaratory Judgment and Injunctive Relief filed by Plaintiff in Circuit Court, Leon County, Florida, Case No. 2016-CA-001477;

b.     Notice of Removal of Case No. 2016-CA-001477 filed by Endurance Specialty Insurance Ltd. ("Defendant") in United States District Court, Northern District of Florida, Case No. 4:16-cv-449-MS/CAS;

c.     Plaintiff's Motion to Remand Case No. 4:16-cv-449-MS/CAS filed in United States District Court, Northern District of Florida;

d.     Order of Judge Walker in granting Plaintiff's Motion to Remand;

e.     Plaintiff's Amended Motion for Award of Attorney's Fees Pursuant to 28 U.S.C. § 1447 (c) filed in Case No. 4:16-cv-449-MS/CAS, United States District Court, Northern District of Florida;

f.     Defendant's Response in Opposition to Plaintiff's Motion for Award of Attorney's Fees Pursuant to 28 U.S.C. § 1447 (c) filed in Case No. 4:16-cv-449-MS/CAS, United States District Court, Northern District of Florida;

g.     Order of Judge Walker in granting Plaintiff's Amended Motion for Attorney's Fees;

EXHIBIT F

3

   h. Judgment of the Court granting Plaintiff the award of attorneys' fees incurred as a result of the removal of this case from state court;

   i. Draft Plaintiff's Motion to Determine Amount of Attorney's Fees with attached draft Declarations of Mr. David Yon; (2) Mr. Christopher Lunny; and (3) Mrs. Laura Dennis; and

   j. Billing summary prepared by the Radey Law Firm setting forth the fees and costs incurred in obtaining the Order granting Plaintiff's Motion to Remand.

  6. In connection with my review of the foregoing documents I also conferred with Mrs. Dennis regarding the attorneys who worked on the Motion to Remand; the issues raised in the Motion to Remand and the Motion for Attorney's Fees, and the results achieved for the Radey Law Firm's client.

  7. Based on my experience, review of the documents and conference with Mrs. Dennis, I am familiar with the amount of time and work reasonably required or involved in preparing the Motion to Remand which was granted in this action.

  8. I have read the *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985) decision, as well as Rule 4-1.5 of the Rules of Professional Conduct. I have considered Rule 4-1.5 and the *Rowe* opinion and the requirements therein regarding how to compute reasonable attorneys' fees as a guide in

determining the reasonableness of fees for legal services rendered by the Radey Law Firm.

9.     I am familiar with the standard hourly rates customarily charged by attorneys of comparable skill who have practiced for comparable lengths of time, and I find that the hourly rates charged by the Radey Law Firm for this this matter are within the standard market rates for the experience level of the attorneys involved, the complexity of the work performed, and the caliber of the services provided.

10.     I have also reviewed the specific time entries which the Radey Law Firm seeks to recover in its request for an award of attorney's fees and it is my opinion that the attorneys of the Radey Law Firm have expended a reasonable amount of time and labor with regard to the work it performed on Plaintiff's behalf in those entries.  In particular, the fees incurred by the firm of the Radey Law Firm in the amount of $9,773 are reasonable and proper attorney fees for the services rendered on behalf of its client related to the Order granting the Motion to Remand.

11.     The Radey Law Firm made successful efforts to properly assign responsibilities related to obtaining the Order granting the Motion to Remand to attorneys in the firm at appropriate billing rates to discharge such responsibilities. Further the individual entries of the assigned attorneys show appropriate tasks were performed for reasonable periods of time related to obtaining the Order granting

EXHIBIT F

5

the Motion to Remand.   Also the fees incurred in preparing the motion for attorneys' fees here are reasonable.

12.   The Radey Law Firm performed legal services for its client properly, diligently, and with a high level of skill.

13.   The Radey Law Firm could not have obtained a better result than it did for its client.

14.   The attorneys and paralegals at the Radey Law Firm are experienced, and enjoy a fine reputation for having the ability and follow-through to successfully represent clients in cases presenting novel and complex issues.

Further, Affiant Sayeth Not.

_____
MICHAEL E. RILEY
Fla Bar # 794650

SWORN TO AND SUBSCRIBED before me this 16th day of May, 2017, by MICHAEL E. RILEY, who took an oath and is personally known to me.

_____
NOTARY PUBLIC, State of Florida

MARI-JO LEWIS-WILKINSON
MY COMMISSION # FF 096297
EXPIRES: April 16, 2018
Bonded Thru Notary Public Underwriters

EXHIBIT F

6